## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| TALSK RESEARCH INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| EVERNOTE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR WILLFUL PATENT INFRINGEMENT

Plaintiff Talsk Research Inc ("Talsk") brings this claim of willful patent infringement against Evernote Corporation ("Evernote").

## THE PARTIES

1.     Talsk is an Illinois corporation with its principal place of business in Chicago, Illinois.

2.     Evernote is a Delaware corporation with its principal place of business in Redwood City, California.

## JURISDICTION AND VENUE

3.     This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5.     This Court has personal jurisdiction over Evernote because Evernote does and has done substantial business in this judicial district, including transacting business in this judicial district by offering to sell, selling, and advertising the infringing products and services in such a

way as to reach customers in Illinois and in this judicial district. In short, Evernote has committed acts of infringement in this judicial district.

6.      Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2) and 1400(b) because a substantial part of the events giving rise to the claims occurred in this judicial district, and Evernote has committed acts of infringement in this district.

## BACKGROUND FACTS

7.      Srikrishna ("Krish") Talluri is the inventor of the methods and systems disclosed in U.S. Patent No. 7,178,097 (the "'097 patent") (attached hereto as "Exhibit A"). Mr. Talluri applied for the '097 patent on November 13, 2000. As of the time the '097 patent issued, February 13, 2007, Mr. Talluri had founded Business One, Inc., which practiced the '097 patent by selling the "RefMArc" product. As of 2012, Mr. Talluri had also founded Talsk, which also practiced the '097 patent by selling the "JotLingo" product: "JotLingo lets users take notes & save web-clips on the fly & access them from anywhere."

8.      On June 8, 2012, Mr. Talluri wrote to the chief operations officer of Evernote, Mr. Ken Gullicksen, and stated as follows: "I'm writing to inquire if Evernote would be interested in JotLingo. In addition to the innovative features we're building, we also have patents that should be of increasing importance to Evernote—in light of the technical changes you've been making over the past year." (6/8/2012 E-Mail from K. Talluri to K. Gullicksen (attached hereto as "Exhibit B").) Mr. Gullicksen met with Mr. Talluri on June 13, 2012, at which meeting Mr. Gullicksen made a video recording of a portion of Mr. Talluri's presentation of JotLingo.

9.      On June 14, 2012, Mr. Talluri wrote to Mr. Gullicksen, requesting that Evernote provide a copy of the video Gullicksen took of the JotLingo presentation without Mr. Talluri's

permission. (*Id.*) Mr. Talluri copied the then chief executive officer of Evernote (Phil Libin) on this communication. (*Id.*)

10.     Six months later, Evernote made technical changes to the Evernote product and also introduced Evernote Business—copying the patented components of the JotLingo system. Evernote included all key features in its Business version that were outlined by Mr. Talluri in his demo to Ken Gullicksen. (*Compare* 6/13/2012 Jotlingo PowerPoint Presentation to Evernote (attached hereto as "Exhibit C") *with* 8/24/2012 Evernote Blog (attached hereto as "Exhibit D").)

### WILLFUL INFRINGMENT OF THE '097 PATENT

11.     Talsk realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth in this Paragraph 11.

12.     Evernote has infringed and continues to infringe, literally and under the doctrine of equivalents, claims of the '097 patent in violation of 35 U.S.C. § 271(a) through, among other activities, the manufacture, use, sale, importation and offer for sale of Evernote products.

13.     Claim 1 of the '097 patent is a "system for archiving reference material cited in a bibliography of a manuscript by an author of the manuscript . . . ." (Exhibit A, 9:36-38.) As set forth below, Evernote employs such a system.

> a. Claim 1 provides for "a first communications device connected to the Internet, wherein an author of a manuscript uses a web site on the Internet as a reference for the manuscript, wherein the author uses the first communications device to transmit the web site to the database . . . ." (Exhibit A, 9:40-44.) Evernote meets this limitation by providing consumers with a "webclipper"—a tool installed on the consumer's web browser that the consumer may use to save entire or portions of web pages.

b.  A further component of the system of claim 1 is "a database connected to the Internet . . . wherein the database obtains a copy of the website from the Internet upon receiving the web site address from the author such that the copy of the web site obtained by the database is verbatim to the web site as on the Internet at the time the author transmitted the web site address to the database . . . ." (Exhibit A, 9:39, 45-50.) The user of the Evernote webclipper discussed above saves a copy of a web page to the user's Evernote folder (*i.e.*, local storage) and to Evernote's cloud-based storage solution.

c.  Claim 1: "[W]herein the database stores the copy of the website along with a distinctive key associated with the copy of the web site . . . ." (Exhibit A, 9:50-53.) Here, Evernote assigns a unique reference key to the actual webpage.

d.  A further component of the system of claim 1: "[W]herein the author cites the web site as being a reference for the manuscript by listing identification of the web site along with the distinctive key in the bibliography of the manuscript . . . ." (Exhibit A, 9:52-56.) Here, Evernote meets this component of the system as well, providing users with URL links that may be shared with others.

e.  "[W]herein an audience of the manuscript obtains the distinctive key from the bibliography of the manuscript; and a second communications device connected to the Internet, wherein the audience uses the second communications device to transmit the distinctive key to the database in order to request the database for the copy of the web site; wherein the database transmits a copy of the stored copy of the web site to the audience via the

Internet and the second communications device in response to receiving the distinctive key from the audience such that the copy of the web site as on the Internet at the time the author transferred the web site address to the database." (Exhibit A, 9:56-10:3.) The audience of the Evernote user obtains the reference key from a blog or a research paper and may click on the link provided (or enter the link in a web browser) and thus view the verbatim copy of the web page that the author saved.

14.     Evernote knows of the '097 patent based on, among other things, correspondence between Mr. Talluri and Evernote. Moreover, Evernote knows how the '097 patent claims read on the Evernote product. Notwithstanding this particular knowledge of the Evernote product and how that product infringes the '097 patent, Evernote refuses to purchase or license the '097 patent. In sum, Evernote willfully infringes the '097 patent.

WHEREFORE, Talsk respectfully requests that this Court enter judgment against Evernote as follows:

A.  Finding that Evernote has infringed and is infringing one or more claims of the '097 patent;

B.  Finding that Evernote's infringement has been willful;

C.  Awarding Talsk lost profits or a reasonable royalty, including pre-judgment and post-judgment interest;

D.  Awarding Talsk treble damages;

E.  Finding that this case is "exceptional" under 35 U.S.C. § 285 and awarding Talsk its expenses and attorneys' fees incurred in bringing and prosecuting this action; and,

F.  Awarding such additional relief as the Court deems just and proper.

## JURY DEMAND

- 6 -

Under Rule 38(b) of the Federal Rules of Civil Procedure, Talsk requests a trial by jury.

Respectfully submitted,

Date: <u>February 12, 2016</u>

*/s/ Matthew M. Wawrzyn*
*Counsel for Talsk Research Inc.*

Matthew M. Wawrzyn (#6271635)
mwawrzyn@siprut.com
Stephen C. Jarvis (#6309321)
*sjarvis@siprut.com*
**SIPRUT PC**
17 North State Street, Suite 1600
Chicago, IL 60602
312-236-0000

4812-7423-7998, v. 2